1

2

3

4

5

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

6

DELBERT GREENE,

7

Plaintiff,

8

vs.

9

THE STATE OF NEVADA DEPARTMENT OF
CORRECTIONS,

10

Defendants.

2:13-cv-01642-JCM-VCF

**ORDER AND REPORT AND**

**RECOMMENDATION**

11

12

Before the court are plaintiff's Motion Requesting Leave to File Second Amended Complaint

13

(#29) and defendants' Motion for Enlargement of Time to Comply with the Court's Order (Doc. #21)

14

(#30). Plaintiff seeks leave to file his second amended complaint.  (#29). No opposition has been filed

15

by defendants.

16

To date, the defendants have not filed an opposition.  Pursuant to LR 7-2 (d), "[t]he failure of an

17

opposing party to file points and authorities in response to any motions shall constitute a consent to the

18

granting of the motion."  Defendants have also filed a motion to extend the time to respond to plaintiff's

19

second amended complaint. (#30).  Thus, defendants have consented to the filing of plaintiff's second

20

amended complaint.

21

Plaintiff's amended complaint is a copy of the previous complaint, to which new information has

22

been added. The court's disposition of the first nine counts remains the same as ordered in the Screening

23

Order (#13). The amended complaint seeks to add a tenth count related to a new defendant, J. Gentry.

24

Plaintiff alleges that Gentry rejected Plaintiff's second level administrative grievance relating to the

25

alleged theft and destruction of his personal property. (#29 at 25).

1

**BACKGROUND**

2

This lawsuit arises out of incarcerated *pro se* Plaintiff Delbert Greene's allegations that his

3 personal property was deemed unauthorized and confiscated by prison officials. (#29 at 16). Greene

4 claims that prison officials "maliciously destroyed" his personal property, including legal documents

5 that were necessary for a pending court case. (#29 at 16). As a result of the loss of his legal documents,

6 Greene failed to respond to certain court proceedings in the Eighth Judicial District Court in a timely

7 manner. (#29 at 21). Greene now seeks to amend his complaint to add an additional count against a new

8 defendant as described above.

9

**LEGAL STANDARD**

10 Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings. *See* FED. R.

11 CIV. P 15. Where, as here, more than twenty-one days have elapsed since serving the original pleading, a

12 party "may amend its pleading only with the opposing party's written consent or the court's leave. The

13 court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). However, courts deny

14 leave to amend if: (1) it will cause undue delay; (2) it will cause undue prejudice to the opposing party;

15 (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the

16 amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jackson v. Bank of Hawaii*, 902

17 F.2d 1385, 1387 (9th Cir. 1990).

18 The court should freely give leave to amend when justice so requires. FED. R. CIV. P. 15(a)(2).

19 The Supreme Court directs lower "courts [to] interpret [Rule 15] liberally and permit an amendment

20 whenever doing so will effectuate the underlying purpose of the rule." *Brandon v. Holt*, 469 U.S. 464,

21 472 (1985) (citation omitted); *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995) ("[T]here is a strong

22 policy of liberally allowing amendments pursuant to Rule 15(a)").

23 The legal standard governing Rule 15 motions is akin to the legal standard governing motions to

24 dismiss under Rule 12(b)(6). *Farina v. Compuware Corp*., 256 F.Supp.2d 1033, 1061 (9th Cir. 2003)

25

1    (citing *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). The Supreme Court's decisions

2    in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) provide that a complaint's allegations must

3    cross "the line from conceivable to plausible" to satisfy Rule 8's requirements. *Iqbal*, 556 U.S. at 680;

4    *Twombly*, 550 U.S. at 546 (characterizing the line as separating "possibility and plausibility"). The Court

5    prescribed a two-step procedure for determining whether a complaint's allegations cross that line.

6    First, the court the court must identify "the allegations in the complaint that are not entitled to the

7    assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption

8    of truth if they are "speculative," *see Twombly*, 550 U.S. at 555, "merely consistent with liability,"

9    *Iqbal*, 556 U.S. at 678, "amount to nothing more than a 'formulaic recitation of the elements' of a

10   constitutional" claim, *id*. at 681, or couch legal conclusions as factual allegations. *Id*. at 697.

11   Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id*.

12   at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to

13   draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. This

14   inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and

15   common sense." *Id*. at 679 (citation omitted).

16   If the factual allegations, which are accepted as true, "do not permit the court to infer more than

17   the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the

18   pleader is entitled to relief." *Id*. (citing FED. R. CIV. P. 8(a)(2)). When the allegations in the complaint

19   have not crossed the line from conceivable to plausible, it must be dismissed. *Twombly*, 550 U.S. at 570.

20   Where an incarcerated *pro se* litigant is involved, however, the courts must hold the litigant to "less

21   stringent standards." *See Hughes v. Rowe*, 449 U.S. 5, 10 n. 7 (1980).

22                                         **DISCUSSION**

23   A viable claim of First Amendment retaliation in the prison context requires five basic elements:

24   "(1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that

25

1    prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

2    Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes*

3    *v. Robinson,* 408 F.3d 559, 568 (9th Cir.2004) (citing *Resnick v. Hayes,* 213 F.3d 443, 449 (9th

4    Cir.2000)). "The proper First Amendment inquiry asks 'whether an official's acts would chill or silence

5    a person of ordinary firmness from future First Amendment activities." *Id.* (quoting *Mendocino Envtl.*

6    *Ctr. v. Mendocino County,* 192 F.3d 1283, 1300 (9th Cir.1999)). A plaintiff need not prove that his

7    privileged conduct was "actually inhibited or suppressed." *Id.* at 569. Allegations that the plaintiff's First

8    Amendment rights were chilled are sufficient. *Id.*

9         In his proposed second amended complaint, Plaintiff alleges that his personal items were taken

10   from him and destroyed and that he was unable to obtain relief through the prison grievance system.

11   (*See* #29). Count X, which contains the only new allegations in the second amended complaint alleges

12   that Plaintiff filed an informal grievance with the prison administrative system, that all necessary

13   documents were attached to the grievance form, and that Defendant J. Gentry rejected his grievance at

14   the second level of review. (#29 at 25). He alleges that Defendant Gentry's actions "served no ligitimate

15   [*sic*] penological objective, other than to follow after AWP Burson's retaliation against Plaintiff, for

16   challenging her errors and choosing to exercise Plaintiff's state and federally protected rights…." (#29 at

17   25). Plaintiff alleges his rights that have been chilled are the rights to "free speech, petition [the]

18   government for redress of grievance, and access to the courts." (#29 at 25).

19         The facts alleged, taken as true, appear to state a plausible First Amendment claim. Given the

20   "less stringent standard" afforded to incarcerated *pro se* litigants, *Hughes*, 449 U.S. at 10 n. 7, the court

21   finds that Plaintiff has stated "a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

22   Because the Defendants have failed to oppose this motion to amend, it appears there will be no prejudice

23   to Defendants in permitting the second amended complaint. As such, Plaintiff's motion to amend (#29)

24   is granted.

25

1    Accordingly,

2                                                    **RECOMMENDATION**

3    IT RECOMMENDED that all claims previously dismissed by the court in its Screening Order

4    (#13) be DISMISSED as follows:

5    1. Count I, alleging retaliation against Tobar, be DISMISSED WITH PREJUDICE.

6    2. Count VII, alleging breach of contract against Williams, Tobar, and Burson, be DISMISSED

7       WITH PREJUDICE.

8    3. Count IX, alleging retaliation against Tobar, be DISMISSED.

9    4. All claims against the State of Nevada and the Nevada Department of Corrections be

10      DISMISSED WITH PREJUDICE.

11                                                      **ORDER**

12   IT IS HEREBY ORDERED that plaintiff's Motion Requesting Leave to File Second Amended

13   Complaint (#29) is GRANTED.  The Clerk of Court is directed to file the Second Amended Complaint.

14   IT IS FURTHER ORDERED that the Clerk of the Court will make a copy of the second

15   amended complaint, issue summons to defendant J. Gentry at the address listed on the amended

16   complaint, deliver the same to the U.S. Marshal for service, and send a blank copy of the USM-285 form

17   to the plaintiff.

18   IT IS FURTHER ORDERED that the plaintiff will have twenty (20) days to furnish to the U.S.

19   Marshal the required USM-285 form. Within twenty (20) days after plaintiff receives copies of the

20   completed USM-285 forms from the U.S. Marshal, plaintiff must file a notice with the court stating if

21   defendant was served. If the plaintiff wishes to have the U.S. Marshals attempt service again on

22   defendant, then a motion must be filed with the court.

23

24

25

1    IT IS FURTHER ORDERED that defendants Brian Williams, Sheryl Burson, and C/O R.

2  Tobar's Motion for Enlargement of Time to Comply with the Court's Order (Doc. #21) (#30) is

3  GRANTED.  The time to a responsive pleading is extended to August 15, 2014.

4    DATED this 25th day of July, 2014.

5                                                    _____
                                                    CAM FERENBACH
6                                                    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25