# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| DELBERT GREENE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>THE STATE OF NEVADA DEPARTMENT OF CORRECTIONS,<br><br>　　　　　Defendants. | 2:13-cv-01642-JCM-VCF<br><br>**<u>ORDER</u>** |

　　　　Before the court is Defendants' Motion Strike to Plaintiff's Sur-Reply #50. (#51)

　　　　On August 25, 2014, Defendants Roger Tobar, Brian Williams, and Jo Gentry filed their Motion for Summary Judgment. (#37).  Plaintiff filed a response to the Motion for Summary Judgment and a Cross Motion for Summary Judgment on September 15, 2014.  (#45 and #46).  Defendants file their reply in support of their Motion for Summary Judgment on October 2, 2014.  (#47).  On October 9, 2014, Defendants filed a response to Plaintiff's Cross-Motion for Summary Judgment.  (#49).  On October 10, 2014, Plaintiff filed a "Response to: Reply in Support of Motion for Summary Judgment." (#50).

　　　　For the reasons stated below, Defendants' motion is denied.

## LEGAL STANDARD

　　　　The district court's power to strike originates from two sources. First, Federal Rule of Civil Procedure 12(f) empowers the courts to "strike from any pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See also* FED. R. CIV. P. 7(a) (defining pleadings as the complaint, answer, and reply to an answer). Second, the court's authority to manage its docket and regulate the parties' conduct includes "an inherent authority to strike." *Metzger v. Hussman*,

682 F. Supp. 1109, 1111 (D. Nev. 1988); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (recognizing that federal courts have "certain implied powers" that are "governed not by rule or statute but by the control necessarily invested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *accord Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir.2010).

## DISCUSSION

Defendants' motion to strike is denied for two reasons. First, Defendants request for relief is contrary to the fundamental spirit of the Federal Rules of Civil Procedure. The rules are designed to promote the disposition of cases on the merits, not technicalities. *See Forman v. Davis*, 371 U.S. 178, 182 (1962) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957) abrogated on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also* FED. R. CIV. P. 1 ("These rules . . . should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."). Here, Defendants move the court to strike Plaintiff's Response to: Reply in Support of Motion for Summary Judgment (#50) because the clerk docketed this document as a "sur-reply" to Defendants' Motion for Summary Judgment (#37). This request is unwarranted because it would prejudice Greene on account of a technical violation. Under LR 7-2, Plaintiff is entitled to a reply in support of his Cross-Motion for Summary Judgment (#46).

Plaintiff's Response to: Reply in Support of Motion for Summary Judgment is mistakenly styled as a Sur-Reply to Defendants' Motion for Summary Judgment.  (#50).  Plaintiff is not represented by counsel and the terms that Plaintiff confused, "Response to: Reply in Support of Motion for Summary Judgment" and "Reply in Support of Motion for Summary: are technical terms of art." Because these terms are unfamiliar among laypeople, Plaintiff's mistake is reasonable.

Second, *pro se* litigants are held to "less stringent standards." *See Hughes v. Rowe*, 449 U.S. 5, 10 n. 7 (1980) (stating that complaints drafted by pro se litigant should be held to a "less stringent standard"). This is especially true where, as here, the *pro se* litigant is incarcerated. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013) (citing *Moore v. Florida*, 703 F.2d 516, 520 (11th Cir. 1983)). (stating that courts and opposing counsel should be "especially . . . flexible when dealing with imprisoned *pro se* litigants."). "Such litigants often lack the resources and freedom necessary to comply with the technical rules of modern litigation." *Id*. In the context of the instant dispute, these principles preclude the court from striking Plaintiff's reply.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Defendants' motion to strike (#51) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Response to: Reply in Support of Motion for Summary Judgment (#50) will be treated as a Reply in Support of his Cross-Motion for Summary Judgment (#46).

Dated this 10th day of November, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE