UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DELBERT GREENE,<br><br>                    Plaintiff(s),<br><br>     v.<br><br>THE STATE OF NEVADA DEPARTMENT OF CORRECTIONS,<br><br>                    Defendant(s). | Case No. 2:13-CV-1642 JCM (VCF)<br><br>ORDER |

Presently before the court is defendants Roger Tobar, Brian Williams, and Jo Gentry's motion for summary judgment. (Doc. # 37). *Pro se* plaintiff Delbert Greene filed a response (doc. # 45) and defendants filed a reply (doc. # 47).

Also before the court is plaintiff's cross-motion for summary judgment. (Doc. # 46). Defendants filed a response (doc. # 49) and plaintiff filed a reply (doc. # 50).

**I.     Background**

This is a *pro se* prisoner civil rights action. Plaintiff Delbert Greene is currently in the custody of the Nevada Department of Corrections ("NDOC"). This case arises out of incarcerated plaintiff's allegations that prison officials improperly confiscated personal items of plaintiff's. (Doc. # 29 at 16). Plaintiff claims that prison officials then "maliciously destroyed" his personal property, including legal documents that were necessary for a pending court case. (Doc. # 29 at 16).

On May 29, 2013, plaintiff filed his complaint in state court. (Doc. # 1-2). Defendants removed the case to federal court on September 9, 2013. (Doc. # 1). Plaintiff filed a motion to amend his complaint on November 6, 2013. (Doc. # 9). On January 15, 2014, this court entered

**James C. Mahan**
**U.S. District Judge**

a screening order pursuant to 28 U.S.C. § 1915A granting plaintiff's motion to amend his complaint and ordering the clerk to file the amended complaint.[1] (Doc. # 13).

This court's screening order ruled as follows:

- Count I, alleging retaliation against Tobar, is DISMISSED with prejudice.
- Count II, alleging retaliation against Tobar, SHALL PROCEED.
- Counts III, IV and V, alleging retaliation against Burson, SHALL PROCEED.
- Count VI, alleging due process against Tobar, SHALL PROCEED.
- Count VII, alleging breach of contract against Williams, Tobar, and Burson, is DISMISSED with prejudice, as amendment would be futile.
- Count VIII, alleging denial of the right to access the courts against Tobar, Burson, and Williams, SHALL PROCEED against Tobar and Burson.
- Count VIII is DISMISSED with prejudice as to Williams, as amendment would be futile.
- Count IX, alleging retaliation against Tobar, is DISMISSED.
- All claims against the state of Nevada and the NDOC are DISMISSED with prejudice, as amendment would be futile. (Doc. # 13).

On June 11, 2014, plaintiff moved to file a second amended complaint. (Doc. # 29). Plaintiff's second amended complaint was identical to plaintiff's first amended complaint, with the exception of adding a tenth cause of action for First Amendment right to file prison grievances against defendant Gentry. (Doc. # 29). On July 25, 2014, Magistrate Judge Ferenbach granted plaintiff's motion to file his second amended complaint and recommended that this court confirm its prior dismissals of count I, count VII, count VIII against defendant Williams, count IX, and all claims against the state of Nevada and the NDOC. (Doc. # 33). The court adopted Magistrate Judge Ferenbach's recommendation on September 10, 2014. (Doc. # 41).

---

[1] In his amended complaint, plaintiff sued defendants state of Nevada, Nevada department of corrections ("NDOC"), Southern Desert Correctional Center ("SDCC") warden Brian Williams, correctional officer Roger Tobar, and associate warden/grievance coordinator Cheryl Burson for events that took place while plaintiff was incarcerated at SDCC. (Doc. # 9-1 at 1-2). Plaintiff alleged nine causes of action. (Doc. # 9-1 at 4-23).

James C. Mahan
U.S. District Judge

- 2 -

Though plaintiff's complaint has claims remaining against four defendants – Tobar, Williams, Burson, and Gentry – defendants' motion for summary judgment only addresses plaintiff's claims again defendants Tobar, Williams, and Gentry. Defendant Cheryl Burson is not listed as one of the defendants in the defendants' motion for summary judgment and none of plaintiff's claims against her are addressed or mentioned by either party. Accordingly, the court will not discuss plaintiff's claims against defendant Cheryl Burson.[2]

Plaintiff has four remaining claims against the three named defendants: (1) count II: First Amendment retaliation, (2) count VI: Fourteenth Amendment deprivation of property; (3) count VIII: right of access to the courts; and (4) count X: First Amendment right to file prison grievances.

First, in count II, plaintiff alleges defendant Tobar retaliated against him by destroying plaintiff's property card and removing the serial number from plaintiff's television based on a prior property-related disagreement. (Doc. # 34 at 7-8). Second, in count VI, plaintiff alleges defendant Tobar violated due process by deeming his property unauthorized and confiscating it, even though the property did not violate the policies and procedures of the NDOC. (Doc. # 34 at 16-17.) Third, in count VIII, plaintiff alleges that he could not respond in a timely manner in case number 02-C-184914-2 before the Eighth Judicial District Court, because defendant Tobar refused to give him access to his legal box.[3] (Doc. # 34 at 21). Finally, in count X, plaintiff alleges that defendant Gentry denied plaintiff's grievance without penological reason. (Doc. # 34 at 25).

**II.  Legal Standard**

The Federal Rules of Civil Procedure provide for summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is

---

[2] Defendant Cheryl Burson is, based on the court's CM/ECF docket, also represented by Kali Miller, Esq. and the Nevada attorney general's office. Plaintiff appears to have four remaining claims against defendant Burson: counts III, IV, and V, alleging retaliation, and count VIII alleging denial of the right to access the courts. (*See* docs. ## 13, 33, 41).

[3] Defendants state that this claim is brought against defendants Tobar and Williams. Plaintiff's denial of right to access the courts claim, however, was dismissed with prejudice as to defendant Williams. (Doc. # 13). Therefore, the court will only discuss plaintiff's denial of right to access the courts claim against defendant Tobar.

James C. Mahan
U.S. District Judge

- 3 -

"to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323-24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

**James C. Mahan**
**U.S. District Judge**

1    At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249-50.

**III.  Discussion**

With regards to counts II, VIII, and X, defendants have established that plaintiff has failed to exhaust his administrative remedies. Prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Jones v. Bock,* 549 U.S. 199, 212 (2007), citing *Porter v. Nussle,* 534 U.S. 516, 524 (2002) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). This requirement is mandatory regardless of the relief sought. *See Booth v. Churner,* 532 U.S. 731, 741 (2001).

A prison inmate in Nevada satisfies the administrative exhaustion requirement by following the procedures set forth in NDOC Administrative Regulation ("AR") 740. *Hall v. Skolnik*, No. 2:10-CV-00054-JCM, 2012 WL 993726, at *3 (D. Nev. Mar. 23, 2012). This regulation expressly mandates that inmates "shall file an informal grievance" within six months "if the issue involves personal property damage or loss, personal injury, medical claims or any other tort claims, including civil rights claims" or within ten days "if the issue involves any other issues within the authority and control of the [NDOC] including, but not limited to, . . . food." *Id.* It further warns that "[f]ailure by the inmate to submit a proper Informal Grievance form" within this time frame "shall constitute abandonment" of the inmate's right to pursue resolution of that claim at any level of the inmate grievance procedure. *Id.* Thus, an inmate in the custody of the

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  NDOC, who fails to timely file a proper informal grievance, has abandoned his right to pursue
2  resolution of any such claims through the inmate grievance procedure. *Id.*

3      *A. Count II*

4      Plaintiff filed an informal grievance which did not contain a property claim form, property
5  inventory form, or a proof of ownership, in violation of AR 740.05. (Doc. # 37-1 at 12.) Grievance
6  coordinator "T. Hill" denied the grievance filing and informed plaintiff that he failed to file a
7  proper grievance and would need to re-submit an informal grievance. (Doc. # 37-1 at 11, 12.)
8  Plaintiff did not re-submit his informal grievance with the appropriate paperwork, as instructed.
9  Instead, plaintiff filed first and second level grievances 2006-29-53760. (Doc. # 37-1 at 7-8, 10).

10     Plaintiff, by failing to file the appropriate informal grievance, did not follow procedures
11 outlined in AR 740. (Doc. # 37-1 at 25-36); *see Neff v. Bryant*, No. 3:09-cv-00672-RCJ-VPC,
12 2010 WL 3418893, at *3 (D. Nev. Aug. 24, 2010) (AR 740 requires: (1) an informal review
13 process; (2) a first level formal grievance appealing the informal grievance decision to the warden;
14 and (3) a second level grievance, which is decided by the Assistant Director of Operations.).
15 Plaintiff received and signed multiple notifications that he had not followed appropriate grievance
16 procedures, with instructions on how to cure his deficiencies. (Doc. # 37-1 at 6, 9, 11). Therefore,
17 even if plaintiff's claims in count II are viable on the merits, under the PLRA, plaintiff is deemed
18 to have abandoned his claims by failing to follow the appropriate procedures in filing his informal
19 grievance.[4] Plaintiff's claim is not reviewable by this court.

20 . . .
21 . . .
22 . . .

---

[4] Defendants further ask the court to dismiss plaintiff's claims with prejudice, because plaintiff has failed to bring his grievances in the allotted time under AR 740.05. Therefore, plaintiff's time to file the appropriate grievances has expired with respect to all of these claims and plaintiff cannot cure his failure to follow administrative procedures. The court notes that defendants have included this language in the instant motion for summary judgment, which is governed by Federal Rule of Civil Procedure 56. Asking the court to dismiss claims with prejudice would be appropriate in a motion to dismiss. It is not appropriate in a motion for summary judgment, where defendants are asking the court to rule as a matter of law regarding plaintiff's claims.

**James C. Mahan**
**U.S. District Judge**

- 6 -

B.  *Count VIII*[5]

Plaintiff alleges defendant Tobar refused to give back his legal box causing him to fail to respond in Eighth Judicial District Court case number 02-C-184914-2. (Doc. # 34 at 21). Plaintiff filed informal and first level grievances, accusing a law library supervisor of keeping his legal box when he was trying to respond to a case. Plaintiff failed to file any grievance against defendant Tobar regarding the denial of his legal box or access to the courts. (Doc. #37-2 at 20-31). The prison grievance system did not have an opportunity to hear or address plaintiff's allegation. Plaintiff did not exhaust the grievance system. Therefore, the court cannot review plaintiff's claim.

C.  *Count X*

Plaintiff alleges that defendant Gentry denied his grievance without a penological reason, violating his First Amendment right to file a prison grievance claim. (Doc. # 34 at 25). On May 17, 2013, defendant Gentry denied plaintiff's second level grievance, because plaintiff failed to complete the informal and first level grievance processes first, as directed by procedure. (Doc. # 37-1 at 6-8). Plaintiff did not exhaust the grievance system. Therefore, the court cannot review plaintiff's claim.

D.  *Count VI: Fourteenth Amendment deprivation of property*

Plaintiff alleges that defendant Tobar violated his Fourteenth Amendment due process rights by confiscating plaintiff's personal property and then maliciously destroying this property without authority or cause. (Doc. # 9-1 at 16-17). Plaintiff lists numerous personal items including personal towels, shower shoes, gloves, sweatshirts, sweat pants, a Norelco razor, various religious and other books, various electronic items, photo albums, and legal materials.

First, the court must consider whether plaintiff may bring a Fourteenth Amendment due process claim. Negligent or unauthorized intentional deprivations of property do not give rise to a due process claim so long as the state provides an adequate post-deprivation remedy, such as the availability of a common-law state tort action against a private prison employee. *Hudson v.*

---

[5] Defendants assert in their motion for summary judgment that this count should be dismissed against defendants Tobar and Williams. The court, as discussed previously, already dismissed this count with prejudice as to defendant Williams. (*See* docs. ## 13, 33, 41). Accordingly, the court only addresses the claim against defendant Tobar.

James C. Mahan
U.S. District Judge

- 7 -

1  *Palmer*, 468 U.S. 517, 533 (1984).  On the other hand, if the deprivation of property is
2  authorized—i.e. carried out pursuant to an established state procedure, statute or regulation—then
3  the plaintiff can state a claim under the due process clause. *Hudson*, 468 U.S. at 532 n. 13; *Quick*
4  *v. Jones,* 754 F.2d 1521, 1523-24 (9th Cir. 1985); *Logan v. Zimmerman Brush Co.*, 455 U.S. 422,
5  436 (1982); *Piatt v. MacDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also Knudson v. City*
6  *of Ellensburg,* 832 F.2d 1142, 1149 (9th Cir. 1987).

7  Authorized property deprivations are permissible if conducted pursuant to a regulation that
8  is reasonably related to a legitimate penological interest. *Turner v. Safley,* 482 U.S. 78, 89 (1987).
9  Nevada law enables individuals in the custody of the department of corrections who have been
10  wrongly deprived of property to recover compensation for their loss or injury. *See, e.g.*, Nev. Rev.
11  Stat. § 41.0322; *see also* Nev. Rev. Stat. § 41.031.  Further, the institutional grievance process
12  constitutes a meaningful post-deprivation remedy. *Wheeler v. Horton*, No. 3:10-cv-00097-HDM-
13  RAM, 2010 WL 5101040 at *2 (D. Nev. Dec. 8, 2010).

14  Plaintiff asserts that he is allowed to have all of these personal items based on NDOC
15  regulations.  Therefore, because defendant Tobar took away items that NDOC regulations
16  specifically allow plaintiff to have in his possession, defendant Tobar violated plaintiff's due
17  process rights regarding his property.  The court notes that plaintiff misunderstands the provisions
18  of AR 711, which allow personal items with many limitations and restrictions.

19  Defendants argue that, accepting plaintiff's allegations as true, plaintiff cannot bring a
20  Fourteenth Amendment due process claim. (Doc. # 37).  The law directs that, if defendant Tobar
21  acted beyond the authorizations of prison policy (an "unauthorized intentional deprivation"), and
22  meaningful-post deprivation remedies exists, plaintiff must use those post-deprivation remedies.
23  Therefore, unauthorized intentional deprivations are subject to resolution through Nevada's
24  meaningful post-deprivation remedies, including NRS § 209.243. *See Cox v. Benedetti*, No. 3:08-
25  cv-00502-LRH, 2011 WL 4346275 at *9 (D. Nev. Aug. 2, 2011).

26  The flaw in defendants' argument, however, is that under summary judgment standard, this
27  court is not required to accept plaintiff's allegations as true.  While typically one would expect a
28  plaintiff's arguments to work in his or her favor, in this case (as with many *pro se* parties),

James C. Mahan
U.S. District Judge

- 8 -

plaintiff's arguments—based on his misunderstanding of AR 711—actually work against his case. Because summary judgment review requires the court to review evidence from the record when making its determination, however, the court finds that there is a disputed issue of material fact as to whether plaintiff's confiscated property was an "unauthorized intentional deprivation" not actionable under the due process clause.

Exhibits submitted by defendants suggest that at least a few of the items defendant Tobar confiscated were, in fact, prohibited items based on NDOC policy. (*See, e.g.*, doc. # 37-1 at 22). AR 711 governs inmate personal property. Under the current provision of AR 711, inmates are allowed to possess a number of items including but not limited to portable AM/FM radios, televisions, CD players, reading lamps, hot pots, headphones, books, and various items of clothing. However, AR 711 also places limitations on the volume and type of personal property an inmate may have to help the prison meet safety, space, health, security, and sanitation concerns. AR. 711. These limitations include how many of each item inmates may possess, the total amount of personal property each inmate may possess, and the individual values and total combined values of an inmate's personal property. AR 711.

Defendants submit an exhibit titled "Nevada Department of Corrections unauthorized property notification," [6] which details the prohibited property defendant Tobar confiscated from plaintiff on September 19, 2012. The prohibited property included four personal towels, one pair of gloves, one pair of shower shoes, one sweatshirt, one pair sweatpants, and one legal box marked legal only, but filled with personal items. (Doc. # 37-1 at 22). Notes on the exhibit explain that, while these items may be allowable in some circumstances, plaintiff's items are prohibited because plaintiff 1) exceeded limits regarding how many of an item he may possess, 2) altered an item in an unallowable way, and 3) intentionally mislabeled personal items as "legal only."

---

[6] To avoid confusion, the court will refer to unauthorized property under the NDOC regulation as prohibited property. The court notes that the NDOC's use of "unauthorized" with respect to inmate property is confusing when juxtaposed with the legal standard which discusses "unauthorized intentional deprivations." The court wishes to underscore that these two uses of "unauthorized" are completely and utterly separate. "Unauthorized" property in the NDOC regulation merely means prohibited property or contraband. An "unauthorized intentional deprivation" as referenced in the legal standard means an officer took action beyond the scope of his or her authority.

**James C. Mahan**
**U.S. District Judge**

1 Therefore, though plaintiff states that confiscation of his personal items was
2 "unauthorized" because his property was specifically allowed by NDOC regulations, the exhibits
3 demonstrate that at least these confiscated items were prohibited by AR 711.  Therefore, these
4 confiscations were intentional authorized deprivations, actionable under the due process clause.

5 Further, because defendants provide no evidence to demonstrate that any the other
6 confiscations of property defendant Tobar made were "unauthorized intentional deprivations," the
7 court cannot conclude as a matter of law that plaintiff should have been required to resolve claims
8 for any of this personal property through post-deprivation remedies or through a due process claim.

9 With regards to plaintiff's claim for four personal towels, one pair of gloves, one pair of
10 shower shoes, one sweatshirt, one pair of sweatpants, and one legal box marked "legal only," but
11 containing personal items, plaintiff is not barred from bringing a Fourteenth Amendment claim for
12 this property.  Prisoners retain certain property interests despite the reality of incarceration.
13 Nevertheless, the fact that prisoners have a property interest in their personal items does not
14 necessarily mean that prisoners have a right to possess these personal items while incarcerated.

15 Section 209.239 of the Nevada Revised Statutes regulates personal property of offenders.
16 Section 209.239 reads, "[s]ubject to the approval of the Director, the warden of each institution
17 and the manager of each facility shall adopt and issue a written policy statement regulating the
18 personal property to which an offender may retain in his possession . . . ." Nev. Rev. Stat. §
19 209.239.  AR 711, as discussed above, discusses inmate personal property, including the limitation
20 on excess prisoner personal property.

21 The court finds that limiting the volume and amount of items an inmate may have is
22 reasonably related to a legitimate penological interest.  Accordingly, the court will grant summary
23 judgment in favor of defendants with respect to plaintiff's Fourteenth Amendment due process
24 claims for his towels, gloves, shower shoes, sweatshirt, sweatpants, and legal box marked "legal
25 only," but full of personal items.

26 With respect to the other items allegedly confiscated by defendants, summary judgment
27 will be granted in favor of defendants.  Plaintiff cannot avoid summary judgment by relying solely
28 on conclusory allegations that defendants confiscated and destroyed his personal possessions,

James C. Mahan
U.S. District Judge

- 10 -

without supporting factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Unlike plaintiff's claim regarding the confiscation of his four personal towels, one pair of gloves, one pair of shower shoes, one sweatshirt, one pair sweatpants, and one legal box marked legal only, but filled with personal items, plaintiff fails to produce competent evidence that shows a genuine issue for trial with respect to the remainder of items allegedly confiscated by prison officials.[7] *See Celotex Corp.*, 477 U.S. at 324.

The court notes that defendants also assert that they are entitled to qualified immunity. The court need not address this defense at this time, since plaintiff's claims fail as a matter of law.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED defendants Roger Tobar, Brian Williams, and Jo Gentry's motion for summary judgment (doc. # 37) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff Delbert Greene's cross-motion for summary judgment (doc. # 46) be, and the same hereby is, DENIED. Plaintiff's claims against defendant Cheryl Burson remain.

DATED March 10, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[7] For example, plaintiff does not submit a "Nevada Department of Corrections unauthorized property notification" form cataloging the prison's confiscation of his other personal items.

**James C. Mahan**
**U.S. District Judge**

- 11 -