UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DELBERT GREENE,<br><br>                                  Plaintiff(s),<br><br>     v.<br><br>THE STATE OF NEVADA DEPARTMENT OF CORRECTIONS,<br><br>                                  Defendant(s). | Case No. 2:13-CV-1642 JCM (VCF)<br><br>ORDER |

Presently before the court is *pro se* plaintiff Delbert Greene's motion to reconsider. (Doc. # 62). Defendants Roger Tobar, Brian Williams, and Jo Genry filed a response (doc. # 72), and plaintiff filed a reply (doc. # 74).

**I.      Background**

This is a *pro se* prisoner civil rights action. Plaintiff Delbert Greene is currently in the custody of the Nevada Department of Corrections ("NDOC"). This case arises out of incarcerated plaintiff's allegations that prison officials improperly confiscated personal items of plaintiff's. (Doc. # 29 at 16). Plaintiff claims that prison officials then "maliciously destroyed" his personal property, including legal documents that were necessary for a pending court case. (Doc. # 29 at 16).

On August 25, 2014, defendants filed a motion for summary judgment. (Doc. # 37). This court granted defendants' motion on March 10, 2015. (Doc. # 56). On April 10, 2015, plaintiff filed the instant motion for reconsideration. Defendants requested numerous extensions to file their response, which this court granted. (Docs. ## 63, 65, 66, 67, 68, 69, 71). Defendants filed their response on June 5, 2015, and plaintiff filed his reply on June 15, 2015.

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted).

## III. Discussion

Plaintiff does not meet the standard for this court to grant reconsideration. Plaintiff continues to assert the same arguments as he did in his prior filings. In addition, plaintiff asserts new arguments and attempts to bring in new evidence, both of which are inconsistent with the allegations in his complaint and also his prior motions. A motion for reconsideration is not the time or place for plaintiff to raise new arguments and evidence that could have been raised earlier.

Further, the court finds that, even if the court considered plaintiff's new evidence, the court's determination that summary judgment was appropriate would not change. Therefore, the finds that a reconsideration is not warranted.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Delbert Greene's motion to reconsider (doc. # 62) be, and the same hereby is, DENIED.

DATED June 22, 2015.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge