UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DELBERT GREENE,<br><br>　　　　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>THE STATE OF NEVADA DEPARTMENT OF CORRECTIONS,<br><br>　　　　　　　　　　　　Defendant(s). | Case No. 2:13-CV-1642 JCM (VCF)<br><br>ORDER |

Presently before the court are the report and recommendation of Magistrate Judge Ferenbach regarding plaintiff Delbert Greene's motion to set a discovery schedule and his request for additional time to serve defendant Sheryl Burson. (ECF Nos. 81, 86). No objection has been filed, although plaintiff Delbert Greene appealed Judge Ferenbach's report and recommendation to the Court of Appeals for the Ninth Circuit. (ECF No. 88). That court dismissed the appeal for lack of jurisdiction. (ECF No. 91).

This is a civil rights action that plaintiff initiated in state court and was subsequently removed to this court. (ECF Nos. 1, 1-2). Burson is the only remaining defendant in this case and has moved to Belize. (ECF No. 86 at 1–2). On May 10, 2016, Judge Ferenbach held a hearing regarding plaintiff's motion to set a discovery schedule. (ECF Nos. 84, 86). At that hearing, Judge Ferenbach directed plaintiff to provide proof of service of defendant. (*See id.*). On May 17, 2016, plaintiff submitted a deputy sheriff's affidavit indicating that an August 13, 2013, attempt to serve process to defendant was unsuccessful. (*See* ECF No. 85 at 2). During a status hearing on June 2, 2016, plaintiff requested additional time to serve defendant. (ECF No. 86 at 2).

Federal Rule of Civil Procedure 4(m) states that "If a defendant is not served within 90 days after the complaint is filed, the court … must dismiss the action without prejudice against

**James C. Mahan**
**U.S. District Judge**

that defendant or order that service be made within a specified time." However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." (FED. R. CIV. P. 4(m)).

There is no evidence that plaintiff served defendant with process within 90 days of filing his complaint. Judge Ferenbach found a lack of good cause for plaintiff's request for additional time to serve the defendant and declined to exercise his discretion to otherwise grant the request. (*Id.* at 3). Accordingly, that court denied his motion for additional time for service. (*Id.* at 4). Additionally, Judge Ferenbach recommends that defendant be dismissed from this action, and the case be closed. (*Id.*; *see* FED. R. CIV. P. 4(m)).

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna–Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in Reyna–Tapia as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then this court may accept the recommendation without review. *See*, *e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this court finds it appropriate to engage in a *de novo* review to determine whether to adopt the recommendation of the magistrate judge. Upon reviewing the

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  recommendation and the record in this matter, the court finds good cause appears to adopt Judge
2  Ferenbach's findings in full. Therefore, dismissal without prejudice is appropriate in this case per
3  Federal Rule of Civil Procedure 4(m).
4      Accordingly,
5      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and
6  recommendation of Magistrate Judge Ferenbach (ECF No. 86) be, and the same hereby are,
7  ADOPTED in their entirety.
8      IT IS FURTHER ORDERED that this matter be, and the same hereby is, DISMISSED
9  without prejudice.
10      The clerk shall enter judgment accordingly and close the case.
11      DATED August 8, 2016.

                                                                  _____
                                                                  UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**